UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TYRRALL FARROW CANNON,

      Plaintiff,         **TRANSFER ORDER**
                     09-CV-5729 (JBW) (LB)
  -against-

COMMITTEE ON THE JUDICIARY,
JOSEPH R. BIDEN;
COMMITTEE ON APPROPRIATIONS,
ARLEN SPECTER;
COMMITTEE ON HOMELAND SECURITY,
DIANNE FEINSTEIN;
COMMITTEE ON FINANCE,
CHUCK GRASSLEY;
COMMITTEE ON ARM SERVICES,
MARK DAYTON;
COMMITTEE ON BUDGET,
LINDSEY GRAHAM;

      Defendants.
------------------------------------------------------------x
BLOOM, United States Magistrate Judge:

  Plaintiff, Tyrrall Farrow Cannon, currently incarcerated at Ironwood State Prison in California, brings this *pro se* action alleging violations of his civil rights. Plaintiff is a prolific litigant who has filed at least forty cases in the United States District Court for the Central District of California. Moreover, on December 14, 2009, plaintiff filed the same complaint that he seeks to file here with the Central District of California. See <u>Cannon v. Biden et al.</u>, 2:09-cv-09167-UA (action is currently pending). Accordingly, for the reasons stated below, this case is transferred to the United States District Court for the Central District of California.

## **DISCUSSION**

  The relevant general venue provisions is found at 28 U.S.C. § 1391, which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, [or]

(3) judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, plaintiff's complaint provides a litany of allegations against the state and federal courts of California. In addition, plaintiff seeks release from custody.[1] Since the events or omissions giving rise to plaintiff's claim occurred in California, and it appears that plaintiff has previously filed petitions for writs of habeas corpus in the Central District of California, this Court is not the appropriate venue in which to file this action. If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## CONCLUSION

Accordingly, the Clerk of Court is hereby directed to transfer this case to the United States District Court for the Central District of California. 28 U.S.C. § 84(c); 1406(a). No summonses shall issue from this Court. The Court offers no opinion on the merits of the action. A ruling on plaintiff's application to proceed *in forma pauperis* is reserved for the transferee Court. That provision of Local Rule 83.1 which requires a five day stay is hereby waived.

SO ORDERED.

/Signed by Judge Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
January 7, 2010

---

[1] This Court notes that a civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. Plaintiff's remedy for obtaining relief with regard to his conviction is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973).

2